OPINION of the Court, by
Ch. J. Boyle.
This, was an action brought by the plaintiff against the defen-^ant ^Qr foiling to perform his duty as an attorney at law in conducting and managing a suit in the court of session for Mercer
^ aPPears from the facts agreed by the parties, that William Wells executed his bond to John Hunt for ^261, conditioned to pay £ 130 10,r by the first of June 1796 ; that Hunt assigned £ 100 of the bond to John Merefield, from whom it was transfered by seve-ral tnesne assignments to the plaintiff; that the defen-t dant havinS heen employed by the plaintiff to bring upon this bond, sued out a writ in the name of Hunt against Wells, from the court of quarter session ^erPer county, in an action of debt for £ 26, but filed a declaration and obtained judgment for £ 261, to |,⅜ discharged by the payment of £ 130 10i, with inter-est ant^ costs ; that at a subsequent term of said court the defendant moved for and obtained an order to quash the judgment, and with the privity and consent of the p|ajntjgf sent the bond to an attorney of considerable eminence in his profession to bring suit on in the court 0f quarter session for Henderson county, whither Wells • ^ meantime had removed ; that suit was accord- „ ... , , , , tngiy instituted by the attorney to whom the bond was sent, in the name of Hunt against Wells, and regularly prosecuted until Wellshaving pleaded payment, produced an instrument signed and sealed by Hunt, acknowledging that he had received satisfaction for the bond an¿ rejeas;nK the action, and another instrument ad-p / . dressed to the clerk ot the court directing bun to delt-ver the bond to Wells ; and that the suit was then dis-cor4inued, no replication to the plea of payment having been tiled.
Upon these facts the cause was submitted to the 0(J t helaw to determine whether the defendant was ... guilty of such a, failure of duty as an attorney as to ren-<jer him responsible to the plaintiff ; and the decision, ^e*ng against the plaintiff, he has pj-osecuted • writ error in this court.
*383 The supposed grdunds of misconduct for which the defendant is contended to be liable, consist, 1st, in his suing out the writ from the court of quarter session of Mercer county for £ 26, instead of £ 261, aft it ought to have been ; 2d, in obtaining an order of said court to quash the judgment; and 3d, in permitting the suit in the court of quarter session of Henderson county to be discontinued.
sum in the writ could not operate to the prejudice of the plaintiff, because as the declaration and judgment were right, no objection on account of any defect in the writ, or variance between the writ and declaration and other proceedings would be availing, such defect or variance being cured by the statute of jeofails. 1'he first ground seems to be wholly untenaBlei Without doubt where an attorney has been guilty of neglect or misconduct in the management of a suit, whfth has worked an injury to his client, he would be responsible to the extent of that injury ; but neglect or misconduct, without a consequent injury, would furnish no claim to reparation: for where there is no injury there needs no remedy. It is evident that the mistake of the
In deciding upon the second ground of alleged mis* conduct, it may be necessary to advert to the nature and extent of the duty which the plaintiff has stated the defendant undertook to perform. The declaration states that the defendant, in consideration of £. —— — to him in hand paid, and of the delivery of the bond before mentioned, u assumed upon himself and faithfully promised that he would as an attorney at law, commence, in the court of quarter session of Mercer county, a suit upon said bond, and with all due and proper diligence prosecute said suit to judgment, and that he would well and truly perform the duties of an attorney at law, in the conducting and prosecuting said suit.” This is the only promise or undertaking alleged in the declaration, and consequently it is for a breach of this promise or undertaking only, that the plaintiff can legally recover in this action. If the first point be correctly decided, there was no violation of this promise until the judgment was obtained. When the judgment was obtained, the pow&KS of the defendant over it ceased, and his duties were performed with respect to the engagement alleged in the declaragpn.
*384 In no case can an attorney under an engagement to" prosecute a suit after judgment is obtained sue oat any process to revive or reverse the judgment, without a new-warrant or authority from his client lor that purpose. A scire facias to revive, and a writ of error to reverse a judgment, whether it is from the same or a superior court, have always been deemed actions which the attorney obtaining the judgment could not prosecute without a new warrant.
The judgment in question having been set aside by motion, does not affect the case. A motion, unless it be such an one as arises incidentally in the prosecution of a suit, is to all intents and purposes an action. It differs from other actions only in being conducted ore te-nue. There must be in it as well as in other actions, actor reus et judex. It follows therefore dearly, that the defendant in moving to set aside the judgment, could not have acted in virtue of the authority to prosecute the original suit upon the bond. It would indeed be a contradiction in terms, to say that an authority to prosecute a suit to judgment, included an authority to prosecute a motion or other action to reverse or set aside that judgment.
W hether the defendant acted with or without an authority from the plaintiff, in making the motion to quash the judgment, does not appear from the record, nor is it material in which way the fact is assumed to be.
If he acted without an authority his conduct was undoubtedly culpable, and would in an action in which such want of authority was properly alleged, render him. liable for the damages which had resulted to the plaintiff ; but in this case there is no such allegation, and if the fact -were proven, the court could no more decide in favor of the plaintiff’s right to a recovery, than they could decide in the same way upon an allegation of the fact without proof.
But if the defendant were authorised to snake the motion to quash the judgment, then in truth he has been too faithful to his engagement, and too fatally' successful for his own quiet, or the interest of his client. But surelv that he has faithfully and successfully executed a trust which he was authorised to perform, can never constitute the ground of an action. The motion tff. quash the judgment seems indeed to have been an ® *385 advised measure : but if it had been admitted to be a fact that the defendant advised the motion, which however is not the case, it would nevertheless not follow that he would be liable in this action. Lawyers in ibis country act in the double capacity of attornies and counsel. In the prosecution of a suit a lawyer acts as an attorney, and would be responsible for neglect or misconduct in some cases where there was no bad faith ; but in giving an opinion or advice he acts as counsel, and ought not, as we are inclined to think, to be responsible, except he acts mala fide. Of this however we are not to be understood as giving any positive decision, since it is a point not necessarily involved in this case. The advice (if such advice were given) as well as the prosecution of the motion, are clearly, as appears from the preceding observations, not within the undertaking, for the violation of which this action was brought.
With respect to the third and last ground upon which it is contended the defendant ought to be responsible, little need be said. lie could not have acted as an attorney at law in sending the bond to Henderson, to bring suit on ; he acted as a mere agent of the plaintiff, and it does not appear that in that capacity he acted without authority or unfaithfully.
if however the fact were otherwise, it is so clearly dehors the promise or undertaking alleged in this case, that the plaintiff cannot on that ground found any claim to a judgment in his favor.
The judgment of the court below- must be affirmed with costs. .